UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JERRY L. JOHNSON,

       Petitioner,

-vs-

JAMES T. CONWAY,

       Respondent.

**DECISION AND ORDER**
**No. 09-CV-0127(RJA)(VEB)**

---

## INTRODUCTION

*Pro se* petitioner Jerry L. Johnson ("Johnson" or "petitioner) filed the instant habeas proceeding challenging his conviction for second degree (intentional) murder pursuant to N.Y. Penal Law § 125.25(2) with regard to the shooting death of Ernestine Brown. *See* Petition (Docket No. 1).[1] Johnson asserted the following grounds for habeas relief in his petition: (1) the "proof was insufficient as a matter of law to sustain [petitioner's] conviction of murder in the second degree, or, in the alternative, the conviction was against the weight of the credible evidence; (2) the trial court "violated [petitioner's] constitutional right to Equal protection under the Fourteenth Amendment . . . when it denied [his] Batson challenge"; (3) "the evidence should have been suppressed because petitioner's consent was both the result of unconstitutional police conduct [and] involuntary"; and (4) he ***was*** denied the constitutional right to the effective of assistance of counsel because trial counsel filed an inadequate motion to dismiss for legal insufficiency; failed to request a jury charge on lesser included offenses; failed to "fully articulate [a] Batson challenge;" failed to adequately litigate the "plain view" issue at the pre-

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) to hear and determine non-dispositive motions and issue of a Report and Recommendation with regard to the merits of Johnson's Petition.

trial suppression hearing; and failed "to object or adequately cross-examine [Officer] Morlock on the inconsistences." Attachments to Petition (Docket No. 1).

On March 17, 2009, the Court received an undated letter from petitioner asking for an extension of time of 60 days in which to amend his petition add claims that he was pursuing via a motion to vacate the judgment under New York Criminal Procedure Law ("C.P.L.") § 440.10 and an application for a writ of error *coram nobis*. (Docket No. 5). Johnson indicated that he was having "tremendous difficulty in getting to the [sic] access to the law library here, more than ususal," and that his law assistant had his "cell ransacked and both [their] legal work was destroyed." *Id.* Johnson stated that it was "going to take [him] at least 60 days to perfect these documents again" and "include this information when to [sic] amend [his] petition." *Id.*

On March 30, 2009, the Court received from Johnson another undated letter referring to his previous letter. The Court has had difficulty deciphering Johnson's handwriting, but he apparently intends to "pursue evidence which should have been analyzed . . ." and believes there was "inefficiency, malfeasance, and lack of any resemblance of diligence or strategy in pursuit of [his] innocence both by [his] trial attorneys and [his] appellate attorneys." *Id.*

In neither of his letters did Johnson indicated what supposedly exculpatory or otherwise useful evidence he is pursuing. Nor did he provide any detail whatsoever as to the factual and legal bases of the claims he proposes to add to his habeas petition. In addition, Johnson failed to indicate what steps, if any, he has taken to begin the exhaustion process with regard to the proposed claim or claims. The Court cannot determine what the proposed claims are, let alone whether they are timely for purposes of 28 U.S.C. § 2244(d)(1) and/or "relate back" to the original petition pursuant to Fed. R. Civ. P. 15(c). Finally, Johnson has not provided any

information or argument with which the Court could evaluated whether or not petitioner is entitled to the stay-and-abeyance procedure under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). For the following reasons, Johnson's motion to hold the petition in abeyance is denied without prejudice.

On May 21, 2009, respondent filed his answer to the petition asserting in response to ground one that the insufficiency of the evidence claim was subject to a procedural default, that the weight of the evidence claim was not cognizable on habeas review, and that the evidence of intent was legally sufficient. In response to ground two, respondent argues that the trial court's denial of the *Batson* challenge was correct. Respondent argues that the Fourth Amendment claim raised in ground three is barred by *Stone v. Powell*. Finally, in response to petitioner's claim that trial counsel was ineffective, respondent asserts that the individual errors are either not supported factually by the record or were matters of trial strategy as to which counsel made reasonable decisions.

## DISCUSSION

Upon reviewing Johnson's Petition (Docket No. 1), the Court notes that it does not appear to be a "mixed petition"–i.e., one that contains both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509 (1982). Respondent has not asserted the defense of non-exhaustion with regard to any of the claims in the original petition. It does not appear that the Court is presented with a "mixed" petition at this time but rather that he is seeking to add new, unexhausted claims to his Petition.

"[A] district judge confronting a mixed petition has discretion either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition." *Zarvela*

*v. Artuz*, 254 F.3d 374, 377 (2d Cir.), *cert. denied sub. nom. Fischer v. Zarvela*, 534 U.S. 1015 (2001). The Supreme Court has approved the use of such a stay in limited circumstances. *See Rhines v. Weber*, 125 S.Ct. 1528 (2005) (cautioning that, even where good cause exists for a petitioner's failure to exhaust his claim in state court, a federal habeas proceeding should not be stayed pending exhaustion when the claim is "plainly meritless"). Here, because the Court does not appear to be confronted by a "mixed" petition, Johnson's motion to hold the Petition in abeyance is premature. *See Clancy v. Phillips*, 04 CV 4343KMK, 2005 WL 1560485, at *6 (S.D.N.Y. July 1, 2005) ("Although the Court may, in its discretion, stay a habeas case while a petitioner pursues state remedies on unexhausted claims, *see Rhines*, the Court declines to do so here. The stay-and-abeyance procedure is available when the Court is confronted by a mixed petition, but no mixed petition is presented in this case at this time.") (citation omitted)). Accordingly, before the Court can properly address Johnson's motion for a stay, Johnson must file a motion to amend the Petition pursuant to Federal Rule of Civil Procedure 15 to include his new, unexhausted claim that he seeks to add to the Petition. The motion to amend the petition *must* attach a proposed amended petition that raises *both* the claims now raised in the petition *and* the new claim that Johnson needs to exhaust.

Petitioner is advised that in his motion to amend the petition he should address the "relation back" requirement of Rule 15(c) of the Federal Rules of Civil Procedure. Where a petitioner seeks to add a new claim to his habeas petition after the expiration of the statute of limitations[2], he is required to show that the proposed amendment "relates back" to the claims in

---

[2] "A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

the original petition. *Fama v. Commissioner of Corr. Servs.*, 235 F.3d 804, 816 (2d Cir. 2000) ("[W]e hold that Rule 15(c) [of the Federal Rules of Civil Procedure] applies to [28 U.S.C.] § 2254 petitions for habeas corpus."). An amendment relates back if the claim that is sought to be added "arose out of the conduct, transaction, or occurrence set forth" in the original petition. FED. R. CIV. P. 15(c)(1)(B).[3] The Supreme Court recently has circumscribed the definition of Rule 15(c)'s "conduct, transaction, or occurrence" in the habeas context, holding that it cannot be read to encompass a petitioner's state-court criminal "trial, conviction, or sentence." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005). According to the *Mayle* court, to hold otherwise would mean that "virtually any" proposed amendments to a habeas petition would "relate back" for purposes of Rule 15(c), since "federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence, and commonly attack proceedings anterior thereto." *Id.* at 657 (citation omitted). Instead, the Supreme Court determined that "relation back will be in order" provided that "the original and amended petitions state claims that are tied to a common core of operative facts." *Id.* A proposed amendment, however, will not "relate back" to the date of the original petition "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 2566.

In addition to his motion to amend attaching a proposed amended petition, Johnson must re-file his motion for a stay. He should be aware that in *Rhines v. Weber*, 544 U.S. at 277, the

---

[3] Rule 15(c) provides in relevant part that

> An amendment to a pleading relates back to the date of the original pleading when:
> . . .
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading . . .

FED. R. CIV. P. 15(c)(1)(B) (former FED. R. CIV. P. 15(c)(2)).

Supreme Court limited the district courts' approval of stay requests to those situations where there is both a showing by petitioner of "good cause" for the petitioner's failure to exhaust the claims in state court prior to bringing the federal habeas corpus petition *and* that the unexhausted claims are not "plainly meritless." *Id.* at 277.[4] When Johnson submits his new motion for a stay, he should address (1) whether there was "good cause" for petitioner's failure to exhaust the new claims; (2) whether the claim "relates back" to the originally pled claims, *see Mayle v. Felix*, 545 U.S. 644 (2005); and (3) whether the new claim is "potentially meritorious" on federal habeas corpus review). *See*, *e.g.*, *Faden v. Annetts*, 05 Civ. 1850 (BSJ) (DF), 2005 WL 1765714 (S.D.N.Y. July 26, 2005) (denying request for stay without prejudice to renew upon a showing of "good cause", that the proposed claims "relate back", and that the new claims are "potentially meritorious").

Because Johnson has thus far failed to show both "good cause" for the failure to exhaust and that the new claim is "potentially meritorious," Johnson's request for a stay of these proceedings with respect to any unexhausted claim must be denied without prejudice at this time. **The Court points out that this Order does not in any way limit petitioner's ability to begin to pursue any *state* court remedies that may be available to him with regard to his insufficiency-of-the-evidence claim independent of his habeas petition. He is advised, however, that he must fulfill the conditions stated herein for amending his habeas petition so as to present the claim of insufficient evidence to this Court.**

---

[4] The Supreme Court stated in *Rhines* that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.*

**Accordingly,**

**IT IS HEREBY ORDERED** that, petitioner's motion to amend and motion for a stay (Docket Nos. 5 & 6) are **DENIED** without prejudice subject to petitioner's re-filing the motion to stay and showing pursuant to *Rhines v. Weber*, 544 U.S. at 277-78, that (1) there is "good cause" for his failure to exhaust the new claim; (2) that the new claim relates back under FED. R. CIV. P. 15 and *Mayle v. Felix*, 545 U.S. at 650,[5] to the claims originally pled in the Petition; and (3) that the new claim is potentially meritorious. If petitioner re-files his motion for a stay, he must also serve it on respondent's counsel.

**FURTHER**, to the extent petitioner seeks to add new claims to the petition, he shall, in addition to re-filing the motion for a stay, file concurrently and serve upon respondent a motion to amend the petition pursuant to FED. R. CIV. P. 15 which addresses the issue of timeliness of the new claim and "relation back." Petitioner shall also attach to his motion to amend a proposed amended petition that raises both the claims now raised in the petition and the new claim petitioner seeks to exhaust and add them to the instant habeas corpus proceeding. Petitioner's motion to amend the petition must be served upon respondent's counsel.

**FURTHER**, should petitioner re-file his motion for a stay and a proposed amended petition, respondent shall have thirty (30) days from the date of service of those pleadings to submit an opposing memorandum of law. Petitioner shall have twenty (20) days from the date he receives respondent's opposition papers to submit a reply memorandum of law.

---

[5] "An amended habeas petition . . . does not relate back (and thereby escape [28 U.S.C. § 2244(d)(1)]'s one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650.

**FURTHER**, the Clerk of the Court is directed to send petitioner a Form Petition For Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254, which petitioner should use for his proposed amended petition.

**IT IS SO ORDERED**.

/s/ Hon. Victor E. BIanchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED: September 23, 2009
Buffalo, New York.