UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JERRY L. JOHNSON,

       Petitioner,     **DECISION AND ORDER**
 -vs-               No. 09-CV-0127(RJA)(VEB)

JAMES T. CONWAY,

       Respondent.
_____

**I. Introduction**

By means of a habeas corpus petition brought under 28 U.S.C. § 2254, *pro se* petitioner Jerry L. Johnson challenges his state-custody pursuant to a judgment of conviction for second degree (intentional) murder (N.Y. Penal Law § 125.25(2)).[1] This Court previously had denied, without prejudice, Johnson's earlier Motion to Amend/Correct (Docket No. 5) and Motion for Abeyance a Stay (Docket No. 6), with leave to re-file. Presently before the Court is Johnson's renewed Motion to Amend/Motion for a Stay. (Docket No. 13). For the reasons that follow, Johnson's Motion to Amend is granted and his Motion for a Stay is denied without prejudice as it is unclear whether the stay-and-abeyance procedure is necessary at this time.

**II. Background**

 **A. Petitioner's Habeas Petition**

Johnson asserted the following grounds for habeas relief in the Petition:

(1) the "proof was insufficient as a matter of law to sustain [petitioner's] conviction of murder in the second degree, or, in the alternative, the conviction was against the weight of the credible evidence (Ground One, Attachment #2);

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) to hear and determine non-dispositive motions and issue a Report and Recommendation with regard to the disposition of the Petition.

(2) the trial court "violated [petitioner's] constitutional right to Equal protection under the Fourteenth Amendment . . . when it denied [his] *Batson* challenge" (Ground Two, Attachment #3);

(3) "the evidence should have been suppressed because petitioner's consent was both the result of unconstitutional police conduct [and] involuntary" (Ground Three, Attachment #4); and

(4) he was denied the constitutional right to the effective of assistance of counsel because trial counsel filed an inadequate motion to dismiss for legal insufficiency; failed to request a jury charge on lesser included offenses; failed to "fully articulate [a] *Batson* challenge;" failed to adequately litigate the "plain view" issue at the pre-trial suppression hearing; and failed "to object or adequately cross-examine [Officer] Morlock on the inconsistencies [in his testimony]" (Ground Four, Attachment #5)

*See* Petition and Attachments to Petition (Docket No. 1).

### B. Petitioner's Correspondence with the Court

On March 17, 2009, the Court received an undated letter from petitioner asking for an extension of time of 60 days in which to amend his petition add claims that he was pursuing via a motion to vacate the judgment under New York Criminal Procedure Law ("C.P.L.") § 440.10 and an application for a writ of error *coram nobis*. This letter was docketed as a "Motion to Amend/Correct Petition for Writ of Habeas Corpus." (Docket No. 5). Johnson indicated that he was having "tremendous difficulty in getting to the [sic] access to the law library here, more than ususal," and that his law assistant had his "cell ransacked and both [their] legal work was destroyed." *Id.* (Docket No. 5). Johnson stated that it was "going to take [him] at least 60 days to perfect these documents again" and "include this information when to [sic] amend [his] petition." *Id.* (Docket No. 5).

On March 30, 2009, the Court received from Johnson another undated letter referring to

his previous letter. (Docket No. 6). The letter was docketed as a "Motion to Hold in Abeyance." *Id.* (Docket No. 6). In the March 30th letter, Johnson stated an intention to "pursue evidence which should have been analyzed . . ." and asserted that there was "inefficiency, malfeasance, and lack of any resemblance of diligence or strategy in pursuit of [his] innocence both by [his] trial attorneys and [his] appellate attorneys." *Id.* (Docket No. 6). He requested that his Petition be held in abeyance while he exhausted his state court remedies with regard to these claims. *Id.* (Docket No. 6).

### C. Respondent's Answer

On May 21, 2009, respondent filed his Answer and Memorandum of Law in Opposition to the Petition. (Docket Nos. 9 & 10). Respondent did not assert that any of the claims in the Petition were unexhausted. Respondent did not address Johnson's Motion to Amend (Docket No. 5) or Motion for Abeyance (Docket No. 6). Respondent did assert in response to ground one that the insufficiency of the evidence claim was subject to a procedural default, that the weight of the evidence claim was not cognizable on habeas review, and that the evidence of intent was legally sufficient. In response to ground two, respondent argued that the trial court's denial of the *Batson* challenge was correct. Respondent argued that the Fourth Amendment claim raised in ground three is barred by *Stone v. Powell*. Finally, in response to petitioner's claim that trial counsel was ineffective, respondent asserted that the individual errors were either not supported factually by the record or were matters of trial strategy as to which counsel made reasonable decisions.

### D. The Court's Order Denying Without Prejudice Petitioner's "Motion to Hold in Abeyance" and "Motion to Amend/Correct Petition"

The Court issued an Order denying Johnson's "Motion to Hold in Abeyance" (Docket

No. 5) and "Motion to Amend/Correct Petition" (Docket No. 6) without prejudice, with leave to re-file both applications and make the required showing of entitlement to the stay-and-abeyance procedure under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), and to address the "relation back" requirement of FED. R. CIV. P. 15(c) in the context of amending a pleading where the statute of limitations had run.

### E. Petitioner's "Motion to Amend/Motion to Stay"

Johnson subsequently filed a renewed "Motion to Amend/Motion to Stay", which is presently pending before the Court. (Docket No. 13). Respondent has not filed any papers in response to the renewed Motion to Amend/Motion to Stay.

Rule 15 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") governs a motion to amend a habeas corpus petition. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); 28 U.S.C. § 2242 (A habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."). Pursuant to Rule 15(a),

> A party may amend the party's pleading once as a matter of course at any time *before* a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

FED. R. CIV. P. 15(a) (emphasis supplied). Thus, pursuant Rule 15(a), Johnson was entitled to amend his Petition "once as a matter of course at any time before a responsive pleading [wa]s served." FED. R. CIV. P. 15(a). In reviewing the chronology of the filings in this matter, the Court

has found that Johnson filed both his initial Motion to Amend/Correct (Docket No. 5) and Motion for Abeyance (Docket No. 6) *prior* to the time that respondent filed his Answer. The letter docketed as the "Motion to Amend/Correct" (Docket No. 5) was in substance a motion for an extension of time to file an amended petition; it did not set forth with specificity any proposed amended claims. The letter docketed as the "Motion for Abeyance" (Docket No. 6) was the first time that Johnson alluded to his proposed new claims, which, based on Docket No. 6, appeared to be (1) newly discovered evidence of innocence and (2) ineffective assistance of trial counsel and (3) ineffective assistance of appellate counsel. *See* Docket No. 6 (Johnson stated that he intended to "pursue evidence which should have been analyzed . . ." and that there had been "inefficiency, malfeasance, and lack of any resemblance of diligence or strategy in pursuit of [his] innocence both by [his] trial attorneys and [his] appellate attorneys."). Based upon Rule 15(a), Johnson should be permitted to amend his petition to add the claims stated in Docket No. 6, since this was filed before respondent filed a responsive pleading.

Based upon the Court's reading of Johnson's re-filed Motion to Amend/Motion to Stay, it discerns that Johnson is adding the following new claims:

- ineffective assistance of trial counsel due to failure to interview witnesses to further support petitioner's intoxication defense (Docket No. 13, p., ¶1 ("In my case there were four witnesses never [sic] interviewed or any attempt to locate them [sic] who could have 'contradicted' police officers [sic] account as to my level of 'Intoxtcation [sic].'"));

- trial counsel was ineffective failing to conduct forensic testing of evidence found at the crime scene and on the murder weapon, which would have proven that petitioner was not the assailant (Docket No. 13, p. 1, ¶2);

- trial counsel was ineffective in failing to argue that petitioner's mental illness prevented him from forming the necessary intent to be found culpable of second degree (intentional) murder (Docket No. 13, p. 2, ¶2);

- trial counsel was ineffective at the end of the suppression hearing because he "made no objection to the statement [to police] being deemed admissible as [petitioner] was not allowed to testify as [they] had planned" (Docket No. 13, p. 2, ¶3); and

- appellate counsel was ineffective in failing to argue that trial counsel was ineffective on the foregoing bases (Docket No. 13, pp. 1-2, ¶¶1-3).

As discussed above, petitioner is permitted to amend his Petition to add these claims under Rule 15(a).

### III. Conclusion

Accordingly, the branch of petitioner's motion (Docket No. 13) seeking permission to add the amended claims is **granted.** Respondent is directed to file an Answer and Memorandum of Law responding to Johnson's amended claims. The branch of petitioner's motion (Docket No. 13) seeking a stay is **denied without prejudice, with leave to re-file,** because it is not clear at this time whether a stay is necessary. Should respondent raise the defense of non-exhaustion in his response to the amended claims, the Court would entertain a renewed motion to stay.

**Respondent's answering papers are due within forty-five (45) days of the date of this Order.**

**IT IS SO ORDERED**.  /s/ Hon. Victor E. BIanchini

_____

VICTOR E. BIANCHINI
United States Magistrate Judge

DATED: March 18, 2010
Buffalo, New York.